UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE NEWMAN,

             Plaintiff,

-against-

ROBERTA REARDON (NYSDL COMMISSIONER),

             Defendant.

21-CV-6431 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Maurice Newman, who is appearing *pro se*, brings this action alleging that Roberta Reardon, Commissioner of the New York State Department of Labor (DOL), violated his federal due process rights when his pandemic unemployment assistance (PUA) was discontinued. Because Plaintiff alleges that a state official violated his rights, the Court construes the complaint as arising under 42 U.S.C. § 1983. By order dated September 24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

    For the reason set forth below, the Court dismisses the complaint for failure to state a claim on which relief may be granted, with 30 days' leave to replead his claims in an amended complaint. The Court also directs the Clerk of Court to restrict access to the complaint to party-view only because Plaintiff includes his full social security number in an attachment to the complaint. *See* Fed. R. Civ. P. 5.2(a)(1) (a party filing a submission may only include the last four digits of a social security numbers).

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On an unspecified date, Plaintiff applied for PUA and learned that he would receive payments from April 5, 2021, to April 10, 2022. He filed for PUA because he suffered from breathing problems after receiving the vaccine for COVID-19, and because he has asthma. Plaintiff could not continue to work because of his breathing condition and the requirement that he wear a mask at work. He quit his job – which he does not identify in the complaint – for two reasons: He "lost a fight at JFK WFS (cut backs) and [he] could [not] breath and p[er]form properly." (ECF 2, at 4.)

Plaintiff alleges that he "was inju[ed] by not receiving the PUA to obtain another job, [his] phone[ ] was cut off and that caused a problem with parole and other hardships." (*Id.* at 5.) For relief, Plaintiff seeks "the complete PUA granted for the year." (*Id.*)

Plaintiff attaches to his complaint a June 4, 2021 notice from DOL, titled "Unemployment Insurance Monetary Benefit Determination," indicating that Plaintiff may be eligible for unemployment insurance from April 6, 2021, to April 20, 2022, in the amount of $173.00. (*Id.* at 7.) The notice states: "This is NOT a decision on your eligibility for Unemployment Insurance benefits. This notice tells you what employment and wage information [New York State has] on file for you." (*Id.*)

**DISCUSSION**

Because Plaintiff alleges that Defendant violated his right to due process, the Court construes the complaint as asserting a Fourteenth Amendment procedural due process claim under Section 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Fourteenth Amendment provides that "[n]o State shall … deprive any person of life, liberty, or property, without due process of law …." U.S. Const. amend. XIV § 1. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). Public benefits, such as unemployment insurance, "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005).

If the government deprives a plaintiff of some interest pursuant to an established procedure, due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Where "the state has provided adequate remedies to redress such unlawful acts … there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure."[1] *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

---

[1] A government official's random and unauthorized act also does not violate due process if a meaningful postdeprivation remedy is available. *See Hellenic Am. Neighborhood Action*

3

Under New York Labor Law, an individual seeking unemployment insurance first "file[s] a claim for benefits at a local state employment office serving the area in which he was last employed or in which he resides …." N.Y. Labor Law § 596. The DOL Commissioner then makes an "initial determination of the claim," which includes "[t]he validity of the claim and the amount of benefits payable to the claimant …." N.Y. Labor Law § 597. If "[a] claimant [ ] is dissatisfied with an initial determination … within thirty days … of notice of such determination, [the claimant may] request a hearing." N.Y Labor Law § 620(1). A hearing is then "held by a referee who shall render his or her decision within five days after the hearing is concluded." *Id.* § 620(3). If a claimant disagrees with a referee's decision, the claimant may appeal "such decision to the [appeal] board," *id.*, and then may seek judicial review on any question of law, to the New York Supreme Court, Appellate Division, Third Department, *id.* § 624. If dissatisfied with this initial judicial review, "[a]n appeal may be taken from the decision of such court to the [New York State] court of appeals." *Id.* This entire procedure "shall be the sole and exclusive procedure notwithstanding any other provision of law." *Id.* § 626.

Plaintiff fails to state a claim that Defendant violated his rights under the due process clause. At the outset, the Court notes that, as a factual matter, the complaint suggests that Plaintiff never received an initial determination, that is, confirmation that DOL approved his application for benefits. But assuming that DOL did approve his application, and then discontinued his benefits, he fails to allege that he took advantage of the exclusive procedure set

---

*Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation … when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty.") (italics in original). Here, Plaintiff's allegations does not suggest that his PUA was discontinued because of an official's random and unauthorized act.

forth above to challenge such an unfavorable decision. For example, he does not allege that he requested a hearing or filed any actions in the New York courts.

As Plaintiff does not allege that he took advantage of the process made available to him by the State of New York, or that the available process was in any way inadequate, he cannot claim that Defendant denied him due process of law under the Fourteenth Amendment. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because it is not clear that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court grants Plaintiff 30 days' leave to file an amended complaint to state any facts suggesting that the process available to him to challenge the discontinuance of his PUA was inadequate.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to restrict access to the complaint to the parties because Plaintiff includes his social security number in an attachment to the complaint. *See* Fed. R. Civ. P. 5.2(a)(1)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 8, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge